IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RUTH RICHTER, | ) | 8:12CV428 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| UNITED STATES POSTAL | ) | |
| SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant's Motion to Dismiss. (Filing No. 6.) Also pending are several other Motions filed by the parties. (*See* Filing Nos. 8, 12, 13, 14, 15, 17, 18, 22, 23, 27, 28, and 29.) The court entered an order setting this matter for hearing. (Filing No. 35.) The plaintiff failed to appear for the hearing. (See Minute Entry, Filing No. 37, text-only entry.) For the reasons discussed below, Defendant's Motion to Dismiss is granted.

## I. BACKGROUND

Plaintiff filed this matter in the Small Claims Court for Douglas County, Nebraska, against Defendant United States Postal Service ("USPS"), alleging constitutional violations, discrimination, breach of contract, and negligence. (Filing No. 1-1.) On December 17, 2012, Defendant filed a proper and timely Notice of Removal of Plaintiff's claims. (Filing No. 1.)

Plaintiff's Complaint is her second attempt to raise claims against Defendant related to an Express Mail International letter that Plaintiff sent to Great Britain. (*See* Filing No. 1; Case No. 8:12CV82, Filing No. 1-1.) In Plaintiff's prior case, Case No. 8:12CV82, the court dismissed her claims because Defendant was entitled to

sovereign immunity and because Plaintiff had failed to exhaust her administrative remedies.  (Case No. 8:12CV82, Filing No. 23.)

In this case, Plaintiff alleges:

[O]n Oct. 26, 2012 at ongoing and continuing USPS has violated my U.S. constitutional rights, discriminated regarding disability, repeatedly breached contract (IMM) failed due process of judicial law regarding an insurance claim – consequences resulted in bodily injury to me in 2 all USPS regulations, policies and procedures not followed by Defendant, willful + deliberate negligence of admin. issues.

(Filing No. 1-1.)  Plaintiff requests monetary relief in the amount of $3,500.00, or the return of property valued at $3,500.00.  (*Id*.)

On January 16, 2013, Defendant filed a Motion to Dismiss along with a Brief in Support.  (Filing Nos. 6 and 7.)  Thereafter, Plaintiff filed a Brief in Opposition to Defendant's Motion to Dismiss.  (Filing No. 9.)  In her Brief, Plaintiff states that this matter "is a continuation of" her previously filed case, Case No. 8:12CV82, and should not be dismissed because new facts have emerged.  (*Id*. at CM/ECF p. 2.) Plaintiff elected not to specify any new facts in her Brief and argues that "her claim is valid without extensive details at this point."  (*Id*.)

## II.  ANALYSIS

### A.    Motions for Default Judgment & Motion to Strike

Between January 29, 2013, and May 14, 2013, Plaintiff filed a Motion for Default Judgment and six additional, or "continued," Motions for Default Judgment. (Filing Nos. 8, 12, 13, 14, 18, and 28.)  In her first Motion, Plaintiff argues that she is entitled to default judgment because Defendants did not file an answer by January

2

23, 2013. (Filing No. 8.) In Response, Defendant argues that it timely filed a Motion to Dismiss in lieu of an answer. (Filing No. 10; *see also* Filing No. 6.) Defendant has also moved to strike filings numbers 12, 13, and 14, three of Plaintiff's five additional Motions for Default Judgment, because Plaintiff failed to comply with the court's local rules. (Filing No. 15.)

The court agrees that Plaintiff's Motion for Default Judgment should be denied. Defendant filed a timely Motion to Dismiss in lieu of an answer on January 16, 2013. (Filing Nos. 5 and 6.) Moreover, Plaintiff failed to request leave to file the additional documents in support of her Motion for Default Judgment in accordance with NECivR 7.0.1(c). NECivR 7.0.1(c) (providing that a moving party may reply to an opposing brief, however neither party may "file further briefs or evidence without the court's leave"). Nevertheless, motions to strike are viewed with disfavor and infrequently granted. *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977). In light of this, and Plaintiff's pro se status, the court will not strike Plaintiff's additional, or "continued," Motions for Default Judgment. However, those Motions are also denied.[1]

## B.    Motion for Sanctions

_____

[1]The court notes that along with its Response to Plaintiff's Motion for Default Judgment, Defendant filed an Index of Evidence which includes a sworn affidavit from the USPS Accident Investigator/Tort Claims Coordinator for the Central Plains District, which includes Nebraska. (Filing No. 11-2.) The Affidavit shows that Plaintiff had not filed an administrative tort claim as of February 6, 2013. (*Id.*) Although this record is outside of the pleadings, the court will consider it in evaluating whether Plaintiff has exhausted her administrative remedies for a potential claim under the Federal Tort Claims Act ("FTCA"). *See Osborn v. United States*, 918 F.2d 724, 728 n.4 (8th Cir. 1990) (stating district court has authority to consider matters outside the pleadings when subject matter jurisdiction is challenged under Rule 12(b)(1)).

3

On April 2, 2013, Plaintiff filed a Motion for Sanctions. (Filing No. 23.) In this Motion, Plaintiff seeks sanctions against Defendant for, among other things, stating that she did not follow administrative procedures regarding her mail insurance claim. (*Id*. at CM/ECF p. 3.) More specifically, Plaintiff states that Defendants gave her an exception to the filing deadline for making a mail indemnity claim and asked her to fill out a form. (*Id*.) Plaintiff asserts this exception made "no difference" and she refused to "rack[] up huge phone time charges and stamps cost to get a $55.45 simple insurance claim settled." (*Id*.)

In Response, Defendant argues that Plaintiff's Motion for Sanctions is really just an attempt to add claims. (Filing No. 30.) The court agrees with Defendant, and in light of Plaintiff's pro se status, the court will consider the allegations contained in Plaintiff's Motion for Sanctions as supplemental to her original Complaint. Indeed, Defendant anticipated that the court would take this approach and has asserted arguments in support of dismissing Plaintiff's additional allegations. (*Id*. at CM/ECF p. 4.)

In short, to the extent Plaintiff requests sanctions, her Motion for Sanctions is denied. However, the court liberally construes Plaintiff's Motion for Sanctions as a Motion to Supplement her Complaint. Because the court has elected to consider the allegations in Plaintiff's Motion for Sanctions as supplemental to her original Complaint, the court will also consider Defendant's Response (filing no. 30) and Index of Evidence (filing no. 31) as supplements to Defendant's Motion to Dismiss.

## C.    Motion to Dismiss

In support of its Motion to Dismiss, Defendant argues, among other things, that Plaintiff's Complaint should be dismissed because Defendant is entitled to sovereign immunity and because Plaintiff failed to exhaust her administrative remedies. (Filing No. 7; Filing No. 30 at CM/ECF p. 5.) For the reasons discussed below, the court agrees.

1.    *Motion to Dismiss Standard*

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

2.    *Sovereign Immunity*

"Under the doctrine of sovereign immunity, the United States is immune from suit unless it consents to be sued . . . . This consent must be unequivocally expressed in statutory text . . . and the scope of a sovereign immunity waiver is strictly construed in favor of the sovereign." *Miller v. Tony and Susan Alamo Found.*, 134 F.3d 910, 915 (8th Cir. 1998). It is well established that, absent an express waiver, the doctrine of sovereign immunity bars a plaintiff's claim for money damages against the United States, its agencies, and its officers in their official capacities. *See, e.g., FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *United States v. Sherwood*, 312 U.S. 584, 586 (1941). Further, "sovereign immunity is jurisdictional in nature." *Meyer*, 510 U.S. at 475, citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").

The United States has expressly retained its sovereign immunity for claims "arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). This section shows that the U.S. Postal Service "specifically retained sovereign immunity as to lost postal matter" and "is designed expressly to bar actions for losses occasioned by the handling of goods within the postal system." *Allied Coin Invest., Inc. v. U.S. Postal Serv.*, 673 F. Supp. 982, 985-987 (D. Minn. 1987); *see also* *C.D. of NYC, Inc. v. United States Postal Serv.*, 157 F. App'x 428, 429 (2d Cir. 2005) (affirming district court's dismissal on sovereign immunity grounds under 28 U.S.C. § 2680(b) where Bureau of Customs employee stole parcels and noting that stolen parcels were "lost" under provisions of 28 U.S.C. § 2680(b)). The Eighth Circuit has squarely addressed the issue of negligently-handled mail in *Najbar v. United States*, 649 F.3d 868, 870 (8th Cir. 2011). Citing *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 483–84 (2006), the court reiterated that the United States has sovereign immunity for matters "arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." *Id.* at 870.

> [I]t was "likely that Congress intended to retain immunity, as a general rule, only for injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address." [*Dolan*, 546 U.S.] at 489, 126 S. Ct. 1252; *see also id.* at 486–87, 126 S. Ct. 1252 ("[("[M]ail is 'lost' if it is destroyed or misplaced and 'miscarried' if it goes to the wrong address," while "'negligent transmission' does not go beyond negligence causing mail to be lost or to arrive late, in damaged condition, or at the wrong address.") . . . . Claims for injuries stemming from certain consequences (i.e., from "mail either fail[ing] to arrive at all or arriv[ing] late, in damaged condition, or at the wrong address," *id.* at 489, 126 S. Ct. 1252), are barred, while claims for other injuries are not.

*Id.*; *see also* *Pruitt v. United States Postal Serv.*, 817 F. Supp. 807, 808 (E.D. Mo. 1993) ("[T]he United States is not subject to suit for the loss, miscarriage or negligent transmission of letters or postal matter. . . . Claims for the loss, misdelivery or

negligent transmission of letters or postal matter are one such type of claim excepted from the FTCA's waiver of sovereign immunity.")

Plaintiff admits that her Complaint is a second attempt to assert claims against Defendant related to Defendant's mishandling of her mail. (*See* Filing No. 1-1 at CM/ECF p. 1; Filing No. 9 at CM/ECF p. 2; *see also* Case No. 12cv82, Filing No. 1-1.) As the court previously informed Plaintiff, and as discussed above, the United States enjoys sovereign immunity for the negligent transmission of postal matter, including the failure to deliver the postal matter at all. Therefore, Plaintiff's claims relating to the mishandling of her mail must be dismissed because this court lacks subject matter jurisdiction.

### 3.    *Administrative Remedies*

Even if Plaintiff's claims were not barred by sovereign immunity, she has failed to exhaust her administrative remedies. Before a plaintiff may bring an action under the FTCA, she must first comply with the administrative claim requirement, which is a prerequisite to filing a claim under the FTCA. As set forth in 28 U.S.C. § 2675(a):

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). The record before the court shows that Plaintiff has not produced a written denial of any claim from the U.S. Postal Service. (Filing No. 11-2.)

To the extent that Plaintiff alleges a breach of contract claim regarding insurance she had on her Express Mail International letter, her claim must also be dismissed. "The postal regulations governing international mail indemnity claims and payments are published in the USPS's [Mailing Standards of the United States Postal Service International Mail Manual ("IMM")]. *Ly v. U.S. Postal Service*, 775 F. Supp. 2d 9, 12 (D.D.C. 2011); *See* 39 C.F.R. § 20.1; *id.* § 211.2(a)(2) (establishing that the regulations of the Postal Service consist of the IMM and other manuals). The IMM provides specific procedures for filing a claims and subsequent appeals. *See* USPS IMM §§ 920, 930. "Although the laws and regulations governing the USPS do not themselves expressly require the exhaustion of the administrative claims process for contract claims against the USPS, when an administrative remedy process exists, the exhaustion requirement may be waived in only the most exceptional circumstances." *Ly*, 775 F. Supp. 2d at 12 (quotations omitted). "The doctrine of exhaustion of administrative remedies protects administrative agency authority and promotes judicial efficiency, and ensures that agencies—and not the federal courts—take primary responsibility for implementing the regulatory programs assigned by Congress." *Id.* (citations and quotations omitted).

The record before the court shows that Vanessa Williams ("Williams"), a USPS Consumer and Industry Affairs employee, responded to a letter that Plaintiff sent to the "Consumer Advocate" on October 3, 2012. (Filing Nos. 31-1 and 31-2.) Williams investigated Plaintiff's claim, determined that there was no record of Plaintiff's inquiry, and made a one-time exception to the administrative filing deadlines set forth in the IMM. (Filing No. 31-2.) In doing so, Williams stated that in order to initiate an inquiry, Plaintiff needed to fill out and return a form within 15 days. (*Id.*) Williams enclosed a postage paid envelope, for Plaintiff's convenience, and stated that as soon the required documentation was received, the inquiry would be initiated. (*Id.*) In response, Plaintiff sent a letter, dated October 10, 2012, stating:

> I am not about to fill out the "additional information sheet" you enclosed as I shall repeat until the cows come home there has been a completed

8

inquiry already thus I will not endure more wasting of my time which no doubt would incur further cost to me (as in having to go out and make even more photocopy's [sic] and gobs of extra phone minutes[).]

(Filing No. 31-3 at CM/ECF p. 2.)[2]

Plaintiff has not shown that she timely instituted an appropriate claim and appeal pursuant to the IMM. *See* IMM § 921.2. Indeed, the record before the court shows that Plaintiff received a one-time exception to the administrative filing deadlines set forth in the IMM. (Filing No. 31-2.) However, in order to take advantage of this exception, Plaintiff needed to fill out and return a form within 15 days. (*Id.*) Plaintiff refused. (Filing No. 31-3 at CM/ECF p. 2.) For these separate reasons, Plaintiff's Complaint must be dismissed.

IT IS THEREFORE ORDERED that:

1.     Plaintiff's Motions for Default Judgment (Filing nos. 8, 12, 13, 14, 18, and 28) are denied.

2.     Plaintiff's Motion for Sanctions (Filing no. 23), liberally construed as a Motion to Supplement the Complaint, is granted in part and denied in part in accordance with this Memorandum and Order.

3.     Defendant's Motion to Dismiss (Filing no. 6) is granted.

---

[2]Again, these records are outside of the pleadings, but the court will consider them in evaluating whether Plaintiff has exhausted her administrative remedies. *See Osborn,* 918 F.2d at 728 n.4; *see also Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) ("When considering . . . a motion to dismiss under Fed. R. Civ. P. 12(b)(6)[ ], the court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." (internal quotations omitted)).

9

4.      All other pending motions are denied.

5.      A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 12th day of June, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.